IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff/Respondent, | ) | Case Nos.  CR-99-031-E-BLW |
| | ) | CV-99-039-E-BLW |
| v. | ) | CV-02-192-E-BLW |
| | ) | |
| PATRICK R. MURILLO, | ) | |
| | ) | **ORDER RE: CERTIFICATE OF** |
|     Defendant/Petitioner | ) | **APPEALABILITY** |
| | ) | |

    This Court previously dismissed Defendant/Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  He has since filed an Application for Certificate of Appealability (Docket No. 328).[1]  Having considered the Application and the record in this case, the Court enters the following Order.

## CERTIFICATE OF APPEALABILITY

    A petitioner who has been denied relief cannot appeal from the denial or dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability (COA).  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA will issue only when a petitioner has made "a substantial showing of the

---

[1] The Application has been filed in each of the three cases enumerated above.  However, for the sake of simplicity, the docket references in this Order shall be to Case No. CR-99-31-E-BLW only.

**Order Re Certificate of Appealability - 1**

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Ninth Circuit has recently discussed the requirements for a certificate of appealability in *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006):

> A petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595; *see also Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To meet this "threshold inquiry,*"* *Slack*, 529 U.S. at 482, 120 S.Ct. 1595, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Lambright*, 220 F.3d at 1025(alteration and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)).

The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). The district court shall either indicate which issue or issues satisfy the standard for issuing a COA or indicate why a certificate should not be granted. *Asrar*, 116 F.3d at 1270 (citing 28 U.S.C. § 2253(c)(3)).

In this case, the Court concluded that Defendant/Petitioner's claims regarding ineffective assistance of counsel, prosecutorial misconduct, and actual

**Order Re Certificate of Appealability - 2**

innocence failed on the merits. *See Mem. Dec. and Order* (Docket No. 326). In his Application for Certificate of Appealability, Defendant/Petitioner identifies several issues to be raised on appeal. He also lists several issues under the heading "Wrong Law Applied," some of which overlap with the identified issues and some of which appear to supplemental to those issues.

    1.    Ineffective Assistance of Counsel. Defendant/Petitioner argues that his counsel "failed to protect him several times" and his attorney had a conflict of interest. Presumably, he is challenging the Court's decision on various ineffective assistance of counsel claims. *See Mem. Dec. and Order* (Docket No. 236). Except for the conflict of interest claim, he does not identify in his Request the claims to which he is referring.

    2.    Constitutional violations of the Fourth, Fifth, and Sixth Amendments. The bases for this general category of violations appear to be encompassed in several of the issues discussed below.

    3.    New evidence. Defendant/Petitioner's arguments appear to focus on various affidavits filed after sentencing to the effect that witness Nick Adermann's testimony was false and made under prosecutorial duress. The Court found that his testimony was of minor importance and that the affidavits were insufficient under the standard of *Herrera v.Collins,* 506 U.S. 390 (1993).

**Order Re Certificate of Appealability - 3**

4. *Booker, Blakely,* and *Ameline*. Defendant/Petitioner argues that the drug quantity, possession of the gun, perjury, aiding and abetting, and conspiracy were "not proven by even a preponderance of the evidence." App. for Cert. of App. at 5 (Docket No. 328). This claim was not addressed in the Court's decisions. As far as the Court can determine, it was not raised until March 28, 2005 in one of Defendant/Petitioner's many Responses to the Court's Order to Show Cause (Docket No. 288). *See Defendant/Petitioner's Response*, p. 2 (Docket No. 311). It would have been one of the claims referred to in the Court's blanket denial of any claims asserted beyond the scope of the Show Cause Order. *See Mem. Dec. and Order*, p. 12 (Docket No. 326). Nevertheless, a review of the record indicates that all but the drug quantity were found by the jury beyond a reasonable doubt. *See Verdict* (Docket No. 124). A challenge to the drug quantity finding on *Apprendi/Blakely/Booker* grounds would have been denied even if the Court had considered the claim. Defendant's conviction and sentence pre-dated any of those decisions. The Ninth Circuit has consistently held that those decisions are not retroactive to cases on collateral review. *See United States v. Sanchez-Cervantes*, 282 F.3d 664 (9th Cir. 2002) (*Apprendi*); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (*Blakely*); *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (*Booker*).

**Order Re Certificate of Appealability - 4**

5. Equal Protection. Defendant/Petitioner bases this issue on the fact that he was denied discovery and an evidentiary hearing under Rule 6 and Rule 8 of the Rules Governing § 2255 Proceedings, respectively; lack of factual support for his conviction; various alleged errors at trial; and his allegedly illegal arrest.

6. No evidence substantiating his conviction. This appears to be the reverse of Defendant/Petitioner's new evidence argument. The Court found that the affidavits submitted by Defendant/Petitioner in support of his claim of innocence did not meet the standard of *Herrera v. Collins,* 506 U.S. 390 (1993). The Court further found that there was substantial other evidence to support his conviction.

7. Violations of 18 U.S.C. §§ 241 and 242. Defendant argues that the Government was involved in a conspiracy to maliciously prosecute him and deprive him of his constitutional rights in violation of these civil rights statutes. This issue was not addressed in the Court's decision. Even if the claim had been raised in Defendant/Petitioner's voluminous filings, the Court would have ruled against it. These criminal statutes do not provide a private right of action and do not provide the relief sought in a § 2255 proceeding. *See Peabody v. United States*, 394 F.2d 175 (9th Cir. 1968).

8. Misjoinder Under Rule 8(a). Defendant argues that it was improper to join the perjury charge "of which there is no evidence" with the gun charge. The

**Order Re Certificate of Appealability - 5**

perjury case was joined with the drug trafficking case which included the gun charge. The Ninth Circuit on direct appeal found that this Court did not abuse its discretion when it permitted the joinder of the two cases. *See Ninth Circuit Mandate* (Docket No. 224).

9. Defendant/Petitioner claims that he was sentenced to two firearm counts under 18 U.S.C. § 924(c). This appears to be the first time Defendant/Petitioner has raised this issue. However, it is completely rebutted by the record. Although he was convicted of two firearm counts (Counts 4 and 5), one of those counts was conditionally dismissed (Count 5). He was sentenced only on the remaining firearm count (Count 4). *See Judgment* (Docket No. 196).

The Court has carefully reviewed its decisions as to each of these issues and finds that Defendant/Petitioner has not demonstrated that the decision as to any of the issues would be debatable among reasonable jurists. Accordingly, the application for a COA will be denied in its totality. Defendant/Petitioner may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant/Petitioner's Application for Certificate of Appealability (Docket No. 328 in CR-99-31-E-BLW;

**Order Re Certificate of Appealability - 6**

No. 51 in CR-99-39-E-BLW; and No. 9 in CV-02-192-E-BLW) is DENIED. Defendant/Petitioner is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

IT IS FURTHER HEREBY ORDERED that the Clerk of Court is ordered to forward a copy of this Order and the Application for Certificate of Appealability (Docket No. 328) to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov. If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record pertaining to Defendant/Petitioner Murillo only, beginning with the filing of the 28 U.S.C. § 2255 Motion.

DATED: **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order Re Certificate of Appealability - 7**